IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Rickey A. Fuquea, | ) | C/A No.: 1:19-2723-HMH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Walter Vereen, S. Salem, C. Nevils, C. Blackwelder, and P. Wellman, | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to consolidate the deadline to answer or otherwise plead. [ECF No. 23]. By way of background, the undersigned issued an order on October 4, 2019, directing the United States Marshal Service ("USMS") to effect service of process in this case. [ECF No. 11]. The USMS served both the United States Attorney for the District of South Carolina ("the USA") and the United States Attorney General within ten days of the order. [ECF Nos. 21, 22]. Sixty days after the USA was served, on December 10, 2019, the Assistant United States Attorney ("AUSA") filed the instant motion to consolidate response times to file one responsive pleading for all defendants. The motion further indicates that none of the individual defendants have yet been served. [ECF no. 23 at 1].

Upon review of the motion, the court inquired with the USMS the status of service on the individual defendants, as over 60 days have elapsed since service was ordered and the summonses expire in less than 30 days. USMS advised that it inquired with the Bureau of Prisons ("BOP") immediately after service was ordered, and again on November 1, 2019, to determine whether BOP counsel was authorized to accept service of process on behalf of the individual defendants. Upon inquiring yet again on December 11, 2019, BOP counsel advised USMS it was authorized to accept service on behalf of individual defendants. Thus, 60 days after service was authorized, no individual defendant appears to have been served, despite the USMS' inquiries to BOP counsel.

Such delays are not an isolated event. As in this case, the court is not informed until the day that a responsive pleading appears to be due (based on the day the USA was served) that service has not been effected on several, and often all, defendants. Also as in this case, there is no indication in the motion that BOP counsel has failed to advise the USMS for over two months whether it is authorized to accept service on behalf of individual defendants. Despite the AUSA's appearance by way of the motion on behalf of the unserved defendants, the motion typically indicates that additional time is needed, as the USA's office must have the express permission of the Department of Justice and the individual defendants to represent them. The

end result in this case is typical of others—although the USA's office and the BOP have been aware of the case since early October 2019 and have had ample time to identify the individual defendants and determine whether service can be accepted for them, absolutely no progress has been made. The motion contains no explanation of why no progress has been made, but simply requests what is essentially an unlimited extension. The court is then forced to independently investigate service issues or risk even greater time be wasted.

The undersigned therefore directs the following procedure to ensure that service is efficiently effected. Failure to follow this procedure will result in the undersigned's denials of requests for extensions of time. After service of a complaint in which federal employees are named as defendants in their individual capacity, within 30 days of service of process on the USA, the assigned AUSA shall advise the court whether the BOP has been authorized to accept service on behalf of all or some of the defendants and whether BOP counsel has so communicated to the USMS. If the BOP has not received authorization to accept service on behalf of a defendant, the undersigned will issue an order directing the BOP to provide the last known home address of the defendant and the court will authorize personal service there. If the BOP has been unable to determine whether it can accept service due to problems identifying the defendant, the AUSA is to so communicate to the court. This

procedure will allow the court to determine whether any consolidation of response time is necessary or should include all defendants. Absent communication by the AUSA to the court that it is seeking authority to represent the individual defendants, their answers are due within 60 days of proper service.

After the BOP has accepted service on behalf of all those authorized, the USA's office, BOP counsel, and individual defendants are directed to work together to expeditiously submit the required paperwork to determine representation. Any requests for extensions of time based on failure to receive authorization shall include the dates upon which requests for representation were made to DOJ and specific information regarding attempts to obtain permission from the individual defendants. To the extent there is an atypical delay, the AUSA should so communicate to the court.

The undersigned will no longer consider any requests for extensions of time to file a responsive pleading or motion to consolidate the response times of all defendants that are made 60 days or more after the first interested party is served.

In the instant case, defendants' motion is granted to the extent it requests consolidation of response times. The defendants may file a joint responsive pleading within 60 days of the earliest served defendant. The USA

4

should coordinate with BOP counsel immediately, even before service so that the required permissions may be obtained efficiently.

The AUSA is directed to share this order with the Civil Chief of the USA's office. Counsel are reminded of the mandate of Rule 1 of the Federal Rules of Civil Procedure requiring the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

IT IS SO ORDERED.

*Shiva V. Hodges*

December 12, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge